Lisa Counters, SBN 016436
lisa@countersfirm.com
The Counters Firm, P.C.
4809 E. Thistle Landing Drive, Ste. 100
Phoenix, AZ  85044
(602) 490-0030 (voice)
(888) 683-8397 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Culberson,<br><br>            Plaintiff,<br><br>   v.<br><br>UnitedHealthcare Insurance Company, The Proctor & Gamble Retiree Health Plan, and Proctor & Gamble Company,<br><br>            Defendants. | Case No.: |

**CLAIM FOR ERISA PLAN BENEFITS**

Plaintiff, William Culberson, as to all relevant times, alleges as follows against Defendants UnitedHealthcare Insurance Company, The Proctor & Gamble Retiree Health Plan, and Proctor & Gamble Company.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

ERISA COMPLAINT

involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan administered by Defendant. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff, William Culberson, is and was at all relevant times a resident of the City of Mesa, Maricopa County, Arizona. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff was at all relevant times a covered participant under Defendant Proctor & Gamble Retiree Health Plan ("the Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff is entitled to health care benefits (Identification No. R07167313). Mr. Culberson is a covered participant under the Plan.

4. The Plan transacts business and has participants in the state of Arizona, thus can be found in the District of Arizona.

5. Plaintiff is informed and believes that Defendant The Proctor & Gamble Company has its principal place of business in the State of Ohio, and is authorized to transact and is transacting business in this judicial district, the District of Arizona, and can be found in the District of Arizona.

6. Plaintiff is informed and believes that Defendant UnitedHealthcare Insurance Company ("UHIC") has its principal place of business in the State of Minnesota, and is authorized to transact and is transacting business in this judicial district, the District of Arizona, and can be found in the District of Arizona.

7. The claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## FOR DENIAL OF BENEFITS

8.     Plaintiff incorporates by reference paragraphs 1 through 7 as though fully set forth herein.

9.     Mr. Culberson is a 69-year old man who in 2007 was diagnosed and treated for Hodgkin's Lymphoma.  Treatment rendered to Mr. Culberson included extensive radiation to his neck and head.

10.    Beginning in 2010, Mr. Culberson began experiencing the loss of teeth due to decay under the gum line.  In fact, since 2010, Mr. Culberson has lost seven teeth.  Mr. Culberson is informed and believes that the treatment he received for Hodgkin's Lymphoma destroyed his salivary glands, causing improper maintenance of his root resulting inevitable tooth decay.

11.    In November 2013, Mr. Culberson's treating dentist advised him that one of his upper front teeth was going to have to be pulled due to the same under-the-gum root decay.  Due to the tooth's location, Mr. Culberson opted to pursue a restorative treatment plan.  Mr. Culberson was also advised that the tooth decay he was experiencing was more than likely caused by the radiation therapy he received to treat Hodgkin's Lymphoma.

12.    On November 22, 2013, Mr. Culberson received the restorative dental services prescribed to him by his treating dentist.

13.    Mr. Culberson was informed and believed that his Plan covered the remaining costs of the applicable dental work and that all claims made under the Plan would need to be first submitted to Medicare and then to UHIC.

14.    On March 6, 2014, Mr. Culberson filed a claim for dental services received by his treating dentist.

15.    On May 2, 2014, Noridian, Medicare's claims administrator, denied Mr. Culberson's claim.

16. On May 15, 2014, Mr. Culberson visited Dr. Richard T. Hoppe at the Stanford Cancer Center Department of Radiation Oncology. Dr. Hoppe submitted a new claim for the dental services received on November 22, 2013.

17. On June 12, 2014, Mr. Culberson received Explanations of Benefits denying his claims on the grounds that his Plan does not cover "this dental expense."

18. On July 15, 2014, Mr. Culberson submitted an appeal to UHIC indicating that he would need to seek restorative treatment for additional upper molars, six of which had fallen out due to the side effects of chemotherapy.

18. On August 18, 2014, UHIC upheld the denial in response to Mr. Culberson's appeal stating in relevant part that: "The plan provides dental services for traumatic accidental injuries to natural teeth. The dental decay that you have 3 years after your radiation and chemotherapy treatment is not considered traumatic accidental injury."

19. On October 17, 2014, Mr. Culberson submitted a second level appeal to UHIC.

20. On November 20, 2014, UHIC upheld its initial denial despite citing language from the terms of Mr. Culberson's Plan which states that the Plan covers dental care required for the direct treatment of a medical condition limited to: *Direct treatment* of acute traumatic Injury, *cancer* or cleft palate. (emphasis added).

21. On December 20, 2014, Mr. Culberson wrote to UHIC for access to all documents, records and any other relevant information regarding the claim for dental services, pursuant to the language of UHIC's second level appeal denial letter.

22. On January 7, 2015, UHIC sent Mr. Culberson a letter isolating all of the terms of his Plan which apply to covered and excluded dental services under his Plan, providing no further explanation or any reasonable access to appropriate internal clinical guidelines or protocols.

23. Defendants wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

(a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Failure to provide reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts, laws and Plan provisions, for the denial of the claims for medical benefits; and

(c) Failure to properly and adequately investigate the merits of the claims.

24. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

25. Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

26. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the bills incurred for the treatment and has been prevented from receiving any further restorative treatment for lost teeth.

27. As a further direct and proximate result of this improper determination regarding the dental claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

28. Due to the wrongful conduct of Defendants, Plaintiff is entitled to enforce his rights under the terms of the Plan and to clarify his rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
## FOR EQUITABLE RELIEF

29. Plaintiff refers to and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a) Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

    (b) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. Payment of health benefits due to Plaintiff under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of prejudgment and post-judgment interest at the highest rate allowable by law; and

4. For such other and further relief as the Court deems just and proper.


DATED: August 21, 2015        THE COUNTERS FIRM, P.C.

                              BY: */s/ Lisa J. Counters*
                                  Lisa J. Counters